DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, state of Ohio, has filed a motion to dismiss the appeal filed by defendant, Daniel Ulis. As grounds for the dismissal, the state alleges that the appeal was filed late. The record in this case indicates that the order from which Ulis is appealing was filed on June 9, 2006, and journalized on June 13, 2006. Ulis filed his notice of appeal on July 11, 2006.
 {¶ 2} App.R. 4 states:
 {¶ 3} "(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
 {¶ 4} "* * *
 {¶ 5} "(D) Definition of `entry' or `entered'
 {¶ 6} "As used in this rule, `entry' or `entered' means when a judgment or order is entered under Civ.R. 58(A) or Crim.R. 32(C)."
 {¶ 7} Civ.R. 58(A) and Crim.R. 32(C) both state that a judgment is "entered" when the clerk enters it upon the journal, not when it is filed. Thus, Ulis had 30 days from June 13, 2006 in which to file his appeal. He filed it on July 11, 2006, and his appeal is timely.
 {¶ 8} The court understands the state's confusion as to when the notice of appeal was due to be filed. The record from the trial court contains two different dates that the order was journalized; the appearance docket states that the order was "filed and journalized" on June 9, 2006, but the judgment entry itself contains a file stamp of June 9, 2006, and a journalized stamp of June 13, 2006.
 {¶ 9} We note that a clerk of court is not required to journalize a judgment the same day it is filed, see Sup R. 7, which states:
 {¶ 10} "The judgment entry specified in Civil Rule 58 and in Criminal Rule 32 shall be filed and journalized within thirty days of the verdict, decree, or decision."
 {¶ 11} The rule does not require that the two events occur on the same day, only that both events occur within 30 days. However, when the judgment is not filed and journalized on the same day, the appearance docket should reflect the actual dates when the two different acts occurred.
 {¶ 12} In this case, appellant was served with a copy of the judgment which states on its face that it was journalized on June 13, 2006. He had no way of knowing that the appearance docket has a different date of journalization. Therefore, regardless of which date is correct, since Ulis was notified of the later date, he has 30 days from June 13, 2006 in which to file his appeal.
 {¶ 13} The motion to dismiss is denied.
Handwork, J. Skow, J. Parish, J. concur.